UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLENCLOVA INVESTMENT CO., a Cayman
Islands Corporation,                                          Civil Action 08-cv-7140 (JFK)
Plaintiff,
                          v.

TRANS-RESOURCES, INC., a Delaware
Corporation, and TPR INVESTMENT
ASSOCIATES, INC., a Delaware Corporation,

                          Defendants.
-------------------------------------------------------------------X
TPR INVESTMENT ASSOCIATES, INC.,

                          Third Party Plaintiff,

                          v.                                 **TPR'S MEMORANDUM OF
                                                             LAW IN OPPOSITION TO
ARIE GENGER,                                                 ARIE GENGER'S MOTION
                                                             TO DISMISS OR STAY**
                          Intervener/Defendant, Third
                          Party Defendant, and
                          Counterclaim Plaintiff.
-------------------------------------------------------------------X
ARIE GENGER,

                          Counterclaim Plaintiff,

          -against-

GLENCLOVA INVESTMENT CO., and TPR
INVESTMENT ASSOCIATES, INC.,

                          Counterclaim Defendants,
          -and-

SAGI GENGER, DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE
FANG, Individually and as Trustee of THE
SAGI GENGER 1993 TRUST, TR
INVESTORS, LLC, NEW TR EQUITY I,
LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH
and TRANS-RESOURCES, INC.

                 Additional Defendants on the Counterclaim
-------------------------------------------------------------------X

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .........................................................................................................................3

I.      *COLORADO RIVER* ABSTENTION
        WOULD NOT BE APPROPRIATE HERE ................................................................3

II.     THE DOMESTIC RELATIONS EXCEPTION
        IS NOT APPLICABLE HERE ...................................................................................5

CONCLUSION.....................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Bethlehem Contracting, Co. v. Lehrer/McGovern, Inc.*,
    800 F.2d 325 (2d Cir. 1986)....................................................................... 4-5

*Bosom v. Bosom*,
    551 F.2d 474 (2d Cir. 1976)..........................................................................6

*Burnett v. Physician's Online*,
    99 F.3d 72 (2d Cir. 1996) .............................................................................4

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)........................................................................... *passim*

*Genger v. TR Investors, LLC*,
    26 A.3d 180 (Del. July 18, 2011)..................................................................1

*Hamilton v. Hamilton-Grinols*,
    2010 U.S. App. Lexis 2097 (2d Cir. 2010)....................................................6

*Kshel Realty Corp. v. City of New York*,
    2003 U.S. Dist. Lexis 8357 (S.D.N.Y. May 15, 2003).....................................4

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)........................................................................................3

*Mosley v. Baker*,
    2011 U.S. Dist. Lexis 71822 (S.D.N.Y. June 30, 2011) ................................3

*Ranney v. Bauza*,
    2011 WL 4056896 (S.D.N.Y. Aug. 21, 2011) ..............................................6

*Schottel v. Kutyba*,
    2009 WL 230106 (2d Cir. Feb. 2, 2009).......................................................6

*Standard Chartered Bank v. DAA Sales, Inc.*,
    1991 U.S. Dist. Lexis 9650 (S.D.N.Y. July 16, 1991)................................. 4-5

*TR Investors, LLC v. Genger*,
    2010 Del. Ch. Lexis 153 (Del. Ch. July 23, 2010) .......................................6

Third-party plaintiff and counterclaim defendant TPR Investment Associates, Inc.
("TPR") respectfully submits this memorandum of law in opposition to the motion to dismiss or
stay this action filed by third-party defendant and counterclaimant Arie Genger.

## PRELIMINARY STATEMENT

On September 19, 2008, Arie Genger moved to intervene into this pre-existing action,
alleging that he had "a substantial interest in the subject matter of this action, and these interests
will not be adequately represented absent his intervention." Dkt. #8 at 1.  Arie included with his
motion a proposed Answer, Cross-Claims and Counterclaims, which substantially resembles the
pleading that Arie ultimately filed.  *Compare* Dkt. #s 8 to 47.

For a total of thirteen times over the ensuing years, the parties, Arie Genger included,
agreed to adjourn oral argument on Arie's intervention motion, essentially putting the case on ice
pending "continuing developments in a related Delaware action." Dkt. #23, #25-33, #35-37.
Those development culminated in a decision from the Delaware Supreme Court dated July 18,
2011, *Genger v. TR Investors, LLC*, 26 A.3d 180 (Del. July 18, 2011), affirming the Chancery
Court's determinations on all issues except for Arie Genger's claim of beneficial ownership over
certain shares of stock.  For that sole remaining issue, the Delaware Supreme Court ruled that
because TPR, a necessary party, was not a named party, the Chancery Court lacked personal
jurisdiction to make that ruling: "Such an adjudication of beneficial ownership can occur only by
a court with personal jurisdiction over all indispensable parties.  The federal court in the New
York litigation [*i.e.*, this case] would be such a court." *Id.* at 203.

In essence, the Delaware Supreme Court handed the ball to this Court to make one final
determination – beneficial stock ownership.  All of the necessary parties – TPR included – are
before the court in this action, and after three long years, resolution is finally at hand.  Yet Arie
Genger's reaction to all of this is "never mind."

Citing the United States Supreme Court's ruling in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*"), Arie now seeks to have this Court dismiss or stay the very case he deliberately sought to intervene into, some three years ago, in favor of a copycat case he filed two years later, on July 26, 2010, against the same parties in New York State Supreme Court.  In the alternative, Arie cites to a "domestic relations exception to diversity jurisdiction" which he argues compels the same result.

Without overly speculating into the litigation tactics driving this request, it is clear that Arie perceives the state court, correctly or incorrectly, as a more favorable forum.  Whether it is or it is not, however, is irrelevant.  Arie is unable to cite to a single case in which *Colorado River* has ever been successfully invoked by a party which deliberately moved to intervene into the case he now seeks to have dismissed or stayed.  If Arie did not wish to subject himself to this Court's determinations, there was an easy answer: do not intervene.  Having voluntarily injected himself into this case, and then gotten it stayed for three years, in anticipation of a ruling out of Delaware which has now arrived, Arie's forum-shopping days should be over.

As set forth below, this case does not even remotely satisfy the *Colorado River* factors.  To cite one fairly basic point, Arie's whole brief is built on his contention that "Arie's Complaint in the New York State Action is identical to the claims asserted in his Counterclaims in this action."  (Arie Br. at 1.)  Arie seems to think only his claims have any meaning.  In reality, this case also includes claims by the Trump Group against TPR, and by TPR against Arie, none of which have been asserted in the New York Supreme Court.

As for the so-called "domestic relations exception," Arie's quixotic effort to obtain a "do over" of his 2004 divorce should not derail this case.  That is a separate matter between Arie and his wife.  Neither TPR nor the Trump Group were parties to that marriage, and both deserve final resolution.  This case is the vehicle to provide it.  The motion should be denied.

## ARGUMENT

### I.   *COLORADO RIVER* ABSTENTION
###      WOULD NOT BE APPROPRIATE HERE

Arie Genger is seeking to apply *Colorado River* in a truly extraordinary manner.  Our research has not uncovered any case in which a party has intervened into a pre-existing suit, asserted affirmative claims against the pre-existing parties to that case, and then sought to have the whole case dismissed in favor of a state court case he filed years later.  If ever there were a party warranting such unprecedented relief, it is not Arie Genger.  This entire case, and the two related interpleader cases before Your Honor, are an effort to have the Court clean up the mess that Arie's own misconduct created.  For Arie to now dictate the forum in which these matters are heard would be a complete perversion of the abstention doctrine.

As a threshold matter, the state and federal actions in question must be parallel for the *Colorado River* doctrine to be potentially applicable. *See Mosley v. Baker*, 2011 U.S. Dist. Lexis 71822, *6 (S.D.N.Y. June 30, 2011) (a "finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River").  Arie has mischaracterized this case as "identical" to the case he subsequently filed in New York Supreme Court.  They are not.  This case, in essence, consists of three related actions – the Trump Group's first-party claims against TPR, TPR's third-party claims against Arie Genger, and Arie Genger's counterclaims and cross-claims against the world.   Arie's later-filed state court case, by contrast, only consists of claims by Arie (parroted by his daughter Orly).  TPR and the Trump Group have no parallel claims. The *Colorado River* doctrine is therefore inapplicable for that reason alone.

Even were Arie's state court case truly "parallel," abstention would not be appropriate in these circumstances.  To determine whether *Colorado River* abstention is appropriate, the district court must weigh six factors, with the "balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)

(emphasis added); *accord Bethlehem Contracting, Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327 (2d Cir. 1986). The four original *Colorado River* factors are: (1) the assumption of jurisdiction by either court over any res or property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, and (4) the order in which jurisdiction was obtained. The Supreme Court later added two more factors: (5) whether state or federal law supplies the rule of decision, and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See Cone Memorial Hospital*, *supra*; *see also Burnett v. Physician's Online*, 99 F.3d 72, 76-77 (2d Cir. 1996).

Almost all of these factors <u>disfavor</u> abstention.  First, this Court has already assumed interpleader jurisdiction over the sale proceeds of the various shares at issue, in connection with the related *Pedowitz* and *Skadden* interpleader cases.  Second, this Court is a convenient forum, as evidenced by, *inter alia*, the fact that all of the Trump Group, TPR and Arie Genger have voluntarily asserted affirmative claims in this case.  Third, to the extent piecemeal litigation exists, it has been filed by Arie Genger and various other parties.  TPR has not filed suit in any forum.  Arie should not be able to victimize TPR through his own piecemeal litigation strategy. Fourth, jurisdiction was obtained in this Court well before the state court which Arie apparently now prefers.  Finally, the New York state court cannot adequately protect the parties here, because it does not have the full mechanism of interpleader authority, including the power to enjoin other cases, as this Court has here under 28 U.S.C. § 2361.

Indeed, of the *Colorado River* six factors, only the fifth (state law) favors abstention at all. But where, as here, piecemeal litigation would remain even if the federal court abstains, state law issues cannot, by themselves, be the basis for abstention. *See, e.g., Kshel Realty Corp. v. City of New York*, 2003 U.S. Dist. Lexis 8357, *18 (S.D.N.Y. May 15, 2003) (in denying abstention, noting that piecemeal litigation already existed with at least five pending state actions); *Standard*

*Chartered Bank v. DAA Sales, Inc.*, 1991 U.S. Dist. Lexis 9650, *3-4 (S.D.N.Y. July 16, 1991) (holding that piecemeal litigation would exist whether or not federal court abstained because of number of related actions being litigated in other courts).  Indeed, even absent such piecemeal litigation issues, the source-of-law factor is only determinative in "rare circumstances," such as where a "novel state law theory" exists.  *Bethlehem Contracting, supra* at 328.  No such complex or novel issues are present here.

Lastly, the Supreme Court has noted that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*." *Cone Memorial Hospital*, 60 U.S. at 17 n.20.   There can be no question that Arie's state court action, which was filed three days after receiving an adverse ruling in Delaware, was reactive and ultimately duplicative of the claim he had been seeking to file in this Court for over two years earlier.  This is an improper invocation of the *Colorado River* doctrine, and therefore Arie's motion should be denied.

## II.     THE DOMESTIC RELATIONS EXCEPTION IS NOT APPLICABLE HERE

As noted above, this case has already been stayed for three years while Arie Genger ran down to Delaware to litigate his various claims against the Trump Group.  Suffice it to say, Arie lost.  Now, he would have this Court put this case in limbo for several more years while he asks *another* state court, this time in New York, to remedy his loss in Delaware by redoing his entire 2004 divorce case from scratch.  This argument suffers from numerous flaws.

First, we find it unlikely that *any* court will grant the requested relief, given the well-justified finding of the Delaware Chancery Court that Arie Genger was "the source of all of these problems," had committed "perfidy," and "only has himself to blame for whatever mess his decision to make the 2004 Transfers has caused for his divorce settlement."  *TR Investors, LLC*

*v. Genger*, 2010 Del. Ch. Lexis 153, **62-64 (Del. Ch. July 23, 2010).  Final divorce decrees are only reformed under the most compelling of justifications.  A party's own perfidy would not seem to qualify as such a justification.

Second, the domestic relations exception is a "narrow" exception limited only to matters truly 'on the verge' of being matrimonial in nature."  *Ranney v. Bauza*, 2011 WL 4056896, at *3 (S.D.N.Y. Aug. 21, 2011), *citing, inter alia, Colorado River,* 424 U.S. at 813, 817.  This is a tri-partite dispute among TPR, the Trump Group and Arie Genger concerning beneficial ownership of certain stock and the sale proceeds therefrom.  If Arie has any divorce-related claims against his ex-wife Dalia, he can take those to state court, but this dispute is in the correct Court.  The cases cited by Arie are not to the contrary.  Rather, those cases were all true marital disputes. *See Ranny, supra* at *2 (former spouses); *Hamilton v. Hamilton-Grinols*, 2010 U.S. App. Lexis 2097, *1-2 (2d Cir. 2010) (former spouses), *Schottel v. Kutyba*, 2009 WL 230106, *2 (2d Cir. Feb. 2, 2009) (former spouses), *Bosom v. Bosom*, 551 F.2d 474, 475 (2d Cir. 1976) (former spouses and draftsman of settlement agreement). That is not at all what we have here.

## CONCLUSION

For all the foregoing reasons, TPR respectfully requests that this Court retain jurisdiction over this matter, and deny Arie Genger's motion in its entirety.

Dated:  New York, New York
      December 7, 2011

                                  DUANE MORRIS LLP

                                     */s/ John Dellaportas*
                        By: _____
                             John Dellaportas
                             Evangelos Michailidis
                       1540 Broadway
                       New York, NY 10036
                       (212) 692-1000
                       *Attorneys for TPR Investment Associates, Inc.*