**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GLENCLOVA INVESTMENT CO., | |
| Plaintiff, | |
| -against- | Case No.  08 Civ. 7140 (JFK) |
| TRANS-RESOURCES, INC. and TPR INVESTMENT ASSOCIATES, INC., | **REPLY OF ARIE GENGER TO THE THIRD PARTY COUNTERCLAIMS OF GLENCLOVA INVESTMENT CO., TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC AND TRANS-RESOURCES, INC.** |
| Defendants. | |

TPR INVESTMENT ASSOCIATES, INC.,

       Third-Party Plaintiff,

    -against-

ARIE GENGER,

       Intervenor/Defendant, Third-Party
       Defendant and Counterclaim Plaintiff.

ARIE GENGER,

       Counterclaim Plaintiff,

    -against-

GLENCLOVA INVESTMENT CO. and TPR
INVESTMENT ASSOCIATES, INC.,

       Counterclaim Defendants,

    -and-

SAGI GENGER, DALIA GENGER, THE SAGI
GENGER 1993 TRUST, ROCHELLE FANG,
Individually and as Trustee of THE SAGI GENGER
1993 TRUST, TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH and
TRANS-RESOURCES, INC.,

       Additional Counterclaim Defendants.

The Third-Party Defendant and Counterclaimant Arie Genger ("Arie") by and through his attorneys, Mitchell Silberberg & Knupp, LLP, responds and replies to the Third Party Counterclaim filed in this action on November 21, 2011 by the Plaintiff and Counterclaim Defendant Glenclova Investment Co. ("Glenclova") and Third-Party Defendants TR Investors, LLC ("Investors"), New TR Equity I, LLC, New TR Equity II, LLC, and Trans-Resources, Inc. ("TRI") ("Third Party Counterclaim"), upon information and belief as follows:

1.      Denies the allegations in paragraph 1 of the Third Party Counterclaim, and refers to the Delaware Supreme Court opinion for the complete contents thereof.

2.      Denies the allegations in paragraph 2 of the Third Party Counterclaim, and refers to the Delaware Supreme Court opinion for the complete contents thereof.

3.      Denies the allegations in paragraph 3 of the Third Party Counterclaim, and refers to the Delaware Supreme Court opinion for the complete contents thereof, and avers that the Delaware Supreme Court reversed the Delaware Chancery Court's ruling with respect to the beneficial ownership of the Genger shares, which is an open issue to be determined.

4.      Refers to the Delaware Supreme Court opinion for the complete contents thereof with respect to the allegations of paragraph 4 of the Third Party Counterclaim, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Third Party Counterclaim.

5.      Denies the allegations in paragraph 5 of the Third Party Counterclaim, and refers to the Delaware Supreme Court opinion for the complete contents thereof.

6.      Denies the allegations in paragraph 6 of the Third Party Counterclaim, and refers to the Delaware Supreme Court opinion for the complete contents thereof.

1

7.      Denies the allegations in paragraph 7 of the Third Party Counterclaim.

8.      Denies the allegations in paragraph 8 of the Third Party Counterclaim.

9.      With respect to paragraph 9 of the Third Party Counterclaim, admits only that TRI is not a public corporation and is incorporated in Delaware and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Third Party Counterclaim, and denies these remaining allegations on that basis.

10.     With respect to paragraph 10 of the Third Party Counterclaim, admits only that Investors is a New Jersey limited liability company and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and denies these remaining allegations on that basis.

11.     With respect to paragraph 11 of the Third Party Counterclaim, admits only that Glenclova is a Cayman Islands company and was the original plaintiff in this action which was originally brought only against TPR and TRI as defendants, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and denies these allegations on that basis.

12.     With respect to paragraph 12 of the Third Party Counterclaim, admits that New TR Equity I is a limited liability company that was formed in Delaware, and otherwise denies the remaining allegations in paragraph 12.

13.     With respect to paragraph 13 of the Third Party Counterclaim, admits that New TR Equity II is limited liability company formed in Delaware, and otherwise denies the remaining allegations in paragraph 13.

14.     Denies the allegations in paragraph 14 of the Third Party Counterclaim.

15.     Admits the first sentence in paragraph 15 of the Third Party Counterclaim, and otherwise denies the remaining allegations in paragraph 15 of the Third Party Counterclaim.

16.     With respect to paragraph 16 of the Third Party Counterclaim, this paragraph sets forth a legal conclusion and no response is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17.     With respect to paragraph 17 of the Third Party Counterclaim, repeats and reasserts his responses to Paragraphs 1-16 of the Third Party Counterclaim.

18.     Denies the allegations in paragraph 18 of the Third Party Counterclaim.

19.     Denies the allegations in paragraph 19 of the Third Party Counterclaim.


**FIRST AFFIRMATIVE DEFENSE**

The claims in the Third Party Counterclaim are barred in whole or in part because of the conduct alleged in the First Amended Counterclaims, Answer and Third-Party Answer of Arie Genger, filed on September 23, 2011.

**SECOND AFFIRMATIVE DEFENSE**

The claims in the Third Party Counterclaim fail to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over these claims.

3

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff Glenclova's original and amended complaint in this case is not ripe and is not a justiciable case or controversy, and its attempt to amend its original complaint by denominating it a counterclaim to Arie's counterclaim is untimely and a nullity.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff Glenclova's initial and amended Complaint in this action against TPR has been waived and abandoned by Glenclova and the Third Party Counterclaimants and is not a justiciable case or controversy.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff Glenclova's Complaint and Amended Complaint in this action against TPR is collusive and does not state a justiciable case or controversy.

## SEVENTH AFFIRMATIVE DEFENSE

Each of the claims in the Third Party Counterclaim is barred by the doctrines of waiver, estoppel, laches, acquiescence, unclean hands, unjust enrichment and ratification, and/or the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Each of the claims in the Third Party Counterclaim are barred because counterclaimants have failed to join all necessary and indispensable parties as counterclaim defendants to the Third Party Counterclaim.

## NINTH AFFIRMATIVE DEFENSE

The claims in the Third Party Counterclaim are barred because the Third Party counterclaimants are in breach of each applicable agreement referred to in the Third Party

4

Counterclaim, and necessary conditions precedent to the establishment of rights and obligations of the parties to such agreements did not occur.

## TENTH AFFIRMATIVE DEFENSE

The Third Party Counterclaim should be dismissed or stayed in favor of the concurrent New York State Action entitled *Arie Genger, et al. v. Sagi Genger, et al.*, Index No. 651089/2010, which has been pending before the New York State Supreme Court since July 2010, for the reasons set forth in Arie's Memoranda in support of Arie's Motion for Dismissal or Stay of this Action, served on November 18, 2011 and December 14, 2011, respectively.

## ELEVENTH AFFIRMATIVE DEFENSE

The allegation in Plaintiff's and Third Party Defendants Thirteenth Affirmative Defense to Arie's Counterclaim that Arie failed to include a jury demand in its initial counterclaim in this action is false.  Such jury demand was in fact included in Arie's initial Counterclaim filed with this Court and is reflected on the docket.

WHEREFORE, Arie Genger requests that judgment be entered in his favor dismissing the Third Party Counterclaim in its entirety, and that Arie Genger be awarded costs, including the reasonable attorneys' fees incurred in connection with his defense of the Third Party Counterclaim.

DATED:     New York, New York          MITCHELL SILBERBERG & KNUPP LLP
December 23, 2011

By: _____/s/ Lauren J. Wachtler_____
Lauren J. Wachtler (ljw@msk.com)
Paul D. Montclare (pdm@msk.com)
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
*Attorneys for Arie Genger*

## JURY DEMAND

**ARIE GENGER HEREBY REPEATS HIS DEMAND FOR A JURY TRIAL WITH
RESPECT TO ALL CLAIMS IN THIS ACTON INCLUDING, BUT NOT LIMITED TO,
THE CLAIMS IN THE THIRD PARTY COUNTERCLAIM.**