UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ X
GLENCLOVA INVESTMENT CO.                   :

      Plaintiff,                       :

  - v. -                                  :  Case No. 08-Civ.-7140 (JFK)

TRANS-RESOURCES, INC. AND TPR              :  ECF Case
INVESTMENT ASSOCIATES, INC.
                                           :

      Defendants.
------------------------------------------ X
TPR INVESTMENT ASSOCIATES, INC.            :  **TPR'S AND SAGI GENGER'S**
                                              **MEMORANDUM OF LAW**
      Third-Party Plaintiff,            :  **IN SUPPORT OF THEIR MOTION**
                                              **TO LIFT TEMPORARY STAY**
  v.                                       :

ARIE GENGER,                               :

      Intervener/Defendant, Third-      :
      Party Defendant, and
      Counterclaim Plaintiff
------------------------------------------ X
ARIE GENGER,                               :

      Counterclaim Plaintiff,           :

  - against –                             :

GLENCLOVA INVESTMENT CO., and TPR          :
INVESTMENT ASSOCIATES, Inc.
                                           :

      Counterclaim Defendants           :

   -and-                                 :
SAGI GENGER, DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE          :
FANG, Individually and as Trustee of THE
SAGI GENGER 1993 TRUST, TR                 :
INVESTORS, LLC, NEW TR EQUITY I,
LLC, NEW TR EQUITY II, LLC, JULES          :
TRUP, EDDIE TRUMP, MARK HIRSCH and
TRANS-RESOURCES, INC.                      :

      Additional Counterclaim           :
      Defendants
------------------------------------------ X

Defendant, third-party plaintiff, and counterclaim defendant TPR Investment Associates, Inc. ("TPR") and additional counterclaim defendant Sagi Genger (together, "Movants") respectfully submit this memorandum of law in support of their motion to lift the temporary stay of proceedings instituted by Opinion and Order of this Court entered on June 14, 2012 (Doc. 164) (the "June 14, 2012 Order").

**Preliminary Statement**

By this motion, Movants seek to implement the terms of this Court's June 14, 2012 Order. By that decision, the Court denied the motion of defendant and counterclaim plaintiff Arie Genger ("Arie") to dismiss this case in its entirety, opting instead to implement only a temporary stay "pending resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts." Op. at 52. Arie's claim to ownership of those shares has now been conclusively resolved, and at the July 17, 2013 pre-motion conference, his counsel confirmed that his client no longer seeks to litigate beneficial ownership. Accordingly, the sole condition set by the Court for the lifting of the temporary stay has now been satisfied. As Movants are experiencing prejudice by their inability to seek resolution of these claims, they respectfully request that the temporary stay now be lifted.

**Background**[1]

On August 11, 2008, Glenclova Investment Co., a member of the Trump Group, filed suit against TPR in this Court, seeking to remedy what it considered to be violations of the Stockholders Agreement of a Delaware company in which it held shares, called Trans-Resource, Inc. ("TRI"). *See* Op. at 5-6. The alleged violations involved purported transfers of shares of

---

[1] Background facts are drawn from this Court's June 14, 2012 Order (cited as "Op."), from which no party appealed. Documentary citations are to the accompanying Declaration of John Dellaportas sworn to on July 31, 2013 (cited as "Decl.").

-1-

TRI by its then parent company, TPR, at a time when Arie Genger controlled TPR.  *Id.* at 4-5.  By the time of the suit, control of TPR had passed to Arie's son, Sagi Genger, who caused TPR to promptly settle the dispute with the Trump Group.  *Id.* at 6.

Unfortunately, that did not end the litigation, but rather only caused Arie Genger to litigate more.  On September 5, 2008, Arie moved to intervene in this action.  *See* Op. at 7.  Thereafter, at Arie's request, the Court adjourned oral argument on his motion some thirteen times while the Delaware Chancery Court action advanced through discovery and a three-day trial.  *Id.*  As we all know now, the Delaware litigation did not go well for Arie, who responded in the Summer of 2010 by filing a copycat suit in New York County Supreme Court against TPR and many others, seeking a declaration that he was entitled to reform his divorce settlement.  *Id.* at 9.  As this Court noted, Arie's state court lawsuit amounted to "little more than a collateral attack on the Delaware Supreme Court ruling."  *Id.*

The New York County Supreme Court eventually agreed.  On January 2, 2013, that court granted a motion by TPR and others to dismiss most of Arie's Third Amended Complaint, including Arie's request to undo the divorce decree to restore Arie's ownership in TRI, leaving only two purely money damages claims against TPR and Sagi.  *See* Decl. Ex. 2.  Arie appealed that decision, but in seven months never bothered to perfect the appeal.  Meanwhile, the Trump Group brought yet another suit against Arie Genger in Delaware Chancery Court.  That case resulted in a Judgment by which Arie was adjudicated to have no beneficial ownership interest in the TRI shares.  *Id.* Exh. 1.  Arie initially appealed that Judgment, but then withdrew his appeal.  Accordingly, that Judgment is now final and binding.

In sum, the original reason for the temporary stay is now gone, and so it should be lifted.  Movants deserve the right to litigate the claims in this case to resolution.

**Argument**

I. **By The Terms Of The June 14, 2012 Order, The Temporary Stay Should Be Lifted**

While the Court, in the Order, dismissed the related *Pedowitz* and *Skadden* interpleader actions, it expressly declined to relinquish jurisdiction over *Glenclova*, holding that the Court had an "unflagging obligation" to exercise diversity jurisdiction. Instead, the Court only stayed *Glenclova* "pending resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts." Op. at 52.

Since the Order was issued, the state courts have resolved all of Arie Genger's claims to beneficial ownership of both the "Arie Shares" and "Orly Trust Shares" of Trans-Resources, Inc. ("TRI"). arch 1, 2013, the Delaware Chancery Court entered a Final Judgment Order providing in relevant part as follows:

> Defendant Arie Genger's claim to beneficially own the 794.4 shares at issue here, and his other arguments in opposition to summary judgment, are OVERRULED. Defendant Arie Genger is not a record or beneficial stockholder of TransResources.

Decl. Exh. 1 ¶ 11. As noted above, this beneficial ownership ruling is now final.

As for the Orly Trust Shares, as the Court recognized in its June 14, 2012 Order, Arie Genger had sought, through the New York County Supreme Court action, to reform his 2004 divorce decree to regain control over all of the Genger family's former shares in TRI. Under a January 2, 2013 Amended Decision and Order, however, the Supreme Court dismissed all of the counts in Arie Genger's Third Amended and Supplemental Complaint by which he (jointly with his daughter, Orly) sought to regain beneficial ownership of the Orly Trust Shares, leaving only a few common law money damage claims to be litigated.

At the time that TPR submitted its pre-motion letter request, there was still at least a

-3-

hypothetical possibility that Arie would get this dismissal reversed on appeal, and thereby restore his claim to beneficial ownership of the TRI shares at issue. That hypothetical disappeared, however, in the weeks after TPR's pre-motion letter, when Arie and the Trump Group reached a settlement of the claims between them. Decl. Exh. 3. While Arie has refused to produce that settlement agreement in discovery, that has not stopped him from making arguments about its contents in various pleadings. For example, in a recent submission to the First Department, Appellate Division, Arie disclosed that: "As part of that settlement, Arie relinquished any future claim to the actual ownership of the Arie TRI Shares themselves ...." *Id.* Exh. 4 at 11. His counsel reconfirmed this fact at the July 17, 2013 pre-motion conference.[2]

Accordingly, all conditions have now been satisfied for the lifting of the temporary stay. While Arie still has some lingering money damages claims in state court, <u>none of them involve a claim to actual, beneficial ownership of the TRI shares at issue</u>. As any further extension of the temporary stay would effect an injustice upon TPR, the stay should be lifted.

## II. Continuation Of The Temporary Stay Unduly Prejudices TPR

This case has been pending since 2008. Both the Trump Group and Arie Genger still have live claims against Movants in this case, which they are free to discontinue with prejudice but have declined to do. TPR wishes to resolve these five-year old claims against it, as well as its own third-party claims against Arie Genger. Last June, the Court decided that these claims were best resolved after beneficial ownership was resolved. It now has been. Any further delay prejudices TPR by requiring it to continue, indefinitely, as a litigant.

---

[2] Dalia Genger, as Trustee of the Orly Genger 1993 Trust, has brought a declaratory judgment action against TPR and the Trump Group in Delaware Chancery Court seeking ownership of the Orly Trust Shares. However, neither Orly Genger nor the Orly Genger 1993 Trust is a party to this case, and thus the pendency of that proceeding does not present the same risk of inconsistent outcomes as would duplicative Arie Genger claims in multiple forums.

Further, the delay is hardly the only prejudice to Movants. To the contrary, the Trump Group has been exploiting the temporary stay to obtain an inappropriate litigation advantage in another proceeding. Specifically, in a recent New York County Supreme Court pleading, the Trump Group has taken the position that, because this Court in this case has not granted specific performance to the plaintiff (a member of the Trump Group), their settlement agreement with TPR somehow entitles the Trump Group to ownership of valuable claims which TPR wishes to pursue against Arie Genger. See Decl. Exh. 5 ¶¶ 71-78.

TPR takes issue with the Trump Group's reading of the parties' agreement. Among other things, the Trump Group has not actively sought specific performance from this Court in many years. It simply refuses to discontinue a claim it no longer wishes to pursue. Needless to say, it would be wrong for the Trump Group to exploit a temporary stay in this action to appropriate claims properly belonging to TPR. Further, this Court is best situated to construe how its own orders and rulings implicate the parties' settlement agreement. And as a matter of fairness, TPR is entitled to know whether or not it owns the claims at issue, before it invests in their prosecution. The temporary stay prevents it from doing so.

Lastly, we wish to make a note about "forum shopping." In his pre-motion conference letter, Arie Genger throws around the term, in what can only be described as case of projection. To date, TPR has been sued over the TRI shares in <u>seven separate suits</u> – the three before Your Honor, plus two more before the New York County Supreme Court, and two more still before the Delaware Chancery Court. Neither TPR nor Sagi has filed any suits regarding the TRI shares. In other words, Movants stand out as the only parties to this controversy who have <u>not</u> been forum-shopping. However, they do wish to resolve the claims that others have brought against them. Lifting the stay provides the only path to do so.

**Conclusion**

The temporary stay was always intended to be merely temporary, with a definitive end date. That end date has now arrived. Accordingly, TPR respectfully requests that the temporary stay of proceedings in this case be lifted.

Dated: New York, New York
      July 31, 2013

                                      MORGAN, LEWIS & BOCKIUS LLP

                                      By:   /s/ *John Dellaportas*
                                               John Dellaportas
                                               Nicholas Schretzman
                                               101 Park Avenue
                                               New York, New York 10178
                                               Tel: (212) 309-6000
                                               Fax: (212) 309-6001
                                               jdellaportas@morganlewis.com
                                               nschretzman@morganlewis.com