UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

| | | |
|---|---|---|
| GLENCLOVA INVESTMENT CO. | : | |
| Plaintiff, | : | |
| - v. - | : | Case No. 08-Civ.-7140 (JFK) |
| TRANS-RESOURCES, INC. AND TPR INVESTMENT ASSOCIATES, INC. | : | ECF Case |
| Defendants. | : | |

------------------------------------- X

| | | |
|---|---|---|
| TPR INVESTMENT ASSOCIATES, INC. | : | **TPR'S AND SAGI GENGER'S REPLY IN FURTHER SUPPORT OF THEIR MOTION TO LIFT TEMPORARY STAY** |
| Third-Party Plaintiff, | : | |
| v. | : | |
| ARIE GENGER, | : | |
| Intervener/Defendant, Third-Party Defendant, and Counterclaim Plaintiff | : | |

------------------------------------- X

| | |
|---|---|
| ARIE GENGER, | : |
| Counterclaim Plaintiff, | : |
| - against – | : |
| GLENCOVA INVESTMENT CO., and TPR INVESTMENT ASSOCIATES, Inc. | : |
| Counterclaim Defendants | : |
| -and- SAGI GENGER, DALIA GENGER, THE SAGI GENGER 1993 TRUST, ROCHELLE FANG, Individually and as Trustee of THE SAGI GENGER 1993 TRUST, TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUP, EDDIE TRUMP, MARK HIRSCH and TRANS-RESOURCES, INC. | : |
| Additional Counterclaim Defendants | : |

------------------------------------- X

**Preliminary Statement**[1]

By June 14, 2012 Order, this Court granted a temporary stay "pending resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts." (Doc. 164 at 52.)  Movants seek only to implement the plain language of that Order by lifting the stay.  The Trump Group and Arie both concede that the question of beneficial ownership of the aforementioned TRI shares has been finally resolved by the Delaware courts.  Nevertheless, they both oppose the lifting of the temporary stay, arguing that the Court should impose yet new restrictions to the lifting of the stay which would contravene the June 14, 2012 Order.  The Court should resist their calls to do so.  TPR has waited patiently for the opportunity have its claims heard by this Court, and is ready to proceed immediately.  As its claims arise principally from events which took place in 2008, staying this case any further would unduly prejudice TPR in terms of lost documents, forgotten testimony, *etc*.  By contrast, no prejudice would accrue to either the Trump Group or Arie Genger from a lifting the stay.  Accordingly, the motion should be granted and this case allowed to proceed on the merits.

**Reply to Arguments of Trump Group and Arie**

The responsive papers of the Trump Group and Arie Genger make the Court's job much simpler.  As noted on the caption, this case is actually three cases in one: (a) a primary action brought by Glenclova, a member of the Trump Group,. against TRI and TPR; (b) a third-party action brought by TPR against Arie; and (c) counterclaims brought by Arie against everyone under the sun.  In its answering papers, the Trump Group now declares, for the first time, that Glenclova "is prepared to voluntarily dismiss the claim for specific performance against TPR." *See* Trump Br. at 4.  While not quite as forthright, Arie similarly makes clear in his answering

---

[1] Capitalized terms retain the definitions set forth in Movants' opening brief.

papers that he prefers to litigate his remaining claims in the New York State Supreme Court. *See* Arie Br. at 4-5. Thus, Glenclova's primary action and Arie's counterclaim action can now both be dismissed with prejudice, rather than have those claims hang over Movants in perpetuity like the Sword of Damocles. Upon such dismissal, the balance of the Trump Group's objections are moot, as Glenclova will no longer be a party to this proceeding. As for Arie, Movants do not seek to stay his claims in State Supreme Court, so his extended diatribe as to how far along those claims are (not very) and who is to blame (Arie still has not taken a deposition or perfected his appeal) is entirely irrelevant. (Doc. 164 at 45-49.)

Rather, the one and only issue remaining before this Court is whether to continue to stay TPR's third-party action against Arie, until Arie litigated his claims in State Supreme Court to completion. Essentially, Arie is demanding that this Court ignore its very limited, temporary stay, and instead implement the full *Colorado River* abstention which Arie previously sought, and which this Court expressly rejected in recognition of its "unflagging obligation" to exercise diversity jurisdiction. (Doc. 164 at 52.) In its June 14, 2012 Order, the Court put no condition on the lifting of that stay other than the "resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts." (Doc. 164 at 52.) As the Trump Group states in its answering papers, and as Arie does not dispute, "the Trump Group's undisputed ownership (of record and beneficially) of all of the outstanding stock of Trans Resources has now been fully and finally established." *See* Trump Br. at 3.

Not only would the requested transformation of the Court's <u>temporary</u> stay into a <u>permanent</u> one violate the June 14, 2012 Order, it would also severely prejudice TPR. This is the first-filed action, it is TPR's chosen forum, and its claims relate primarily to events that are now over five years old. TPR only seeks its day in Court. That day should be now.

**Conclusion**

The temporary stay was always intended to be merely temporary, with a definitive and firm end date. That end date has arrived. Accordingly, Movants respectfully requests that the temporary stay of proceedings in this case be lifted, and TPR be allowed to litigate its claims in this, its chosen forum.

Dated: New York, New York
      September 27, 2013

MORGAN, LEWIS & BOCKIUS LLP

By:   /s/ *John Dellaportas*
     John Dellaportas
     Nicholas Schretzman
     101 Park Avenue
     New York, New York 10178
     Tel: (212) 309-6000
     Fax: (212) 309-6001
     jdellaportas@morganlewis.com
     nschretzman@morganlewis.com