UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCLOVA INVESTMENT CO., a Cayman Islands corporation,<br><br>    Plaintiff,<br><br>- against -<br><br>TRANS-RESOURCES, INC., a Delaware corporation, and TPR INVESTMENT ASSOCIATES, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 08-CV-7140 (JFK) |
| TPR INVESTMENT ASSOCIATES, INC.,<br><br>    Third-Party Plaintiff,<br><br>    - against -<br><br>ARIE GENGER,<br><br>    Intervenor Defendant, Third Party Defendant and Counterclaim Plaintiff | **TRUMP GROUP'S RESPONSE TO TPR'S AND SAGI GENGER'S MOTION TO LIFT TEMPORARY STAY** |
| ARIE GENGER,<br><br>    Counterclaim Plaintiff<br><br>- against -<br><br>GLENCLOVA INVESTMENT CO., and TPR INVESTMENT ASSOCIATES, INC.,<br><br>    Counterclaim Defendants<br><br>- and -<br><br>SAGI GENGER, DALIA GENGER, THE SAGI GENGER 1993 TRUST, ROCHELLE FANG, Individually and as Trustee of the SAGI GENGER 1993 TRUST, TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP, MARK HIRSCH and TRANS-RESOURCES, INC.,<br><br>    Additional Defendants on the Counterclaim | |

## TRUMP GROUP'S RESPONSE TO TPR'S AND
## SAGI GENGER'S MOTION TO LIFT TEMPORARY STAY

This is plaintiff and counterclaim defendant Glenclova Investment Co. ("Glenclova") and additional counterclaim defendants TR Investors, LLC ("Investors"), New TR Equity I, LLC, ("Equity I"), New TR Equity II, LLC ("Equity II") (together, the "Trump Group"), Jules Trump, Eddie Trump and Mark Hirsch's opposition to TPR's and Sagi Genger's Motion to Lift Temporary Stay.

## BACKGROUND

This action was commenced by Glenclova on August 11, 2008, against TPR and Trans-Resources, Inc. ("Trans-Resources"), seeking a declaration of its right under the Stockholders Agreement[1] to purchase all of TPR's Trans-Resources shares (triggered by TPR's 2004 transfers to each of Arie Genger, the Orly Genger 1993 Trust and the Sagi Genger 1993 Trust in violation of the Stockholders Agreement) and specific performance of that right (the "Glenclova Action"). *Glenclova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 310 (S.D.N.Y. 2012) (referenced herein as the "Glenclova Opinion").

As set forth in the Glenclova Opinion, over the next several years, additional lawsuits were filed in both the Delaware Court of Chancery and the New York State Supreme Court in a "bitter and seemingly endless battle for control of" Trans-Resources. Glenclova Opinion at 295. At the heart of those suits was the issue of the beneficial ownership of the so-called Arie Shares and Orly Trust Shares.[2] *Id.* at 308. In June 2012, following the parties'

---

[1] Capitalized terms not defined herein shall have the same meaning as those defined in *Glenclova Inv. Co. v. Trans-Resources, Inc.*, 874 F. Supp. 2d 292, 310 (S.D.N.Y. 2012) (referenced herein as the "Glenclova Opinion").

[2] The Trump Group had separately settled its claims for the so-called Sagi Trust Shares with TPR and the Sagi Genger Trust pursuant to the terms of the August 22, 2008 stock purchase agreement (the

*(cont'd)*

various motions for stays or dismissal, this Court determined, among other things, that pursuant to the discretion granted to federal courts, it would enter a stay of the Glenclova Action "pending resolution of the question of beneficial ownership of the Arie Shares and the Orly Trust Shares in the state courts." *Id*. at 314.

On February 18, 2013, the Delaware Court of Chancery issued an opinion granting "summary judgment in favor of the Trump Group on its claim that it is the owner of the [Arie] Genger Shares." *TR Investors, LLC v. Arie Genger*, C.A. No. 6697-CS, 2013 WL 603164, at *21 (Del. Ch. Feb. 18, 2013) (the "Delaware Summary Judgment Opinion"). On March 1, 2013, the Delaware Court of Chancery entered an order implementing the Delaware Summary Judgment Opinion and confirming the Trump Group is the owner (beneficially and of record) of the so-called Arie Shares. That order became final on June 17, 2013, when Arie Genger and TPR dismissed their appeals arising therefrom.

On August 30, 2013, the Delaware Court of Chancery entered an order (stipulated to among TPR, Dalia Genger, as Trustee of the Orly Genger Trust, and the Trump Group) establishing that the Trump Group "owns, for all purposes, all right, title and interest (beneficially, of record and otherwise) to the shares of Trans-Resources purportedly transferred by TPR to the Orly Genger 1993 Trust." *Genger v. TR Investors, LLC*, C.A. No. 6906-CS (Del. Ch.) (Stipulation and Proposed Order of Dismissal). Accordingly, all of the Delaware actions involving the Gengers, TPR, and the Trump Group have been closed or voluntarily dismissed.

---

*(cont'd from previous page)*
"Stock Purchase Agreement"). The Trump Group has also settled its claims for the so-called Arie Shares and the Olry Trust Shares with TPR pursuant to the terms of the August 22, 2008 letter agreement (the "Letter Agreement").

2

Thus, after five years, through resolution of the various Delaware litigations and the operation of the Stock Purchase Agreement, the Letter Agreement and a June 2013 settlement reached among Arie Genger, Orly Genger and the Trump Group, the Trump Group's undisputed ownership (of record and beneficially) of all of the outstanding stock of Trans-Resources has now been fully and finally established.

Litigation among the parties remains, however, in the New York State Supreme Court.  Specifically, *Genger v. Genger*, No. 651089/2010 (N.Y. Sup. Ct.), continues to be active, with no stay having ever been entered.  Since the issuance of the Glenclova Opinion, the New York State Supreme Court has issued its opinion with respect to various motions to dismiss Arie and Orly Genger's Third Amended and Supplemental Complaint – dismissing many of their claims, including those involving the beneficial ownership of the disputed Trans-Resources' shares.  *Genger v. Genger*, No. 651089/2010, 2013 WL 221485 (N.Y. Sup. Ct. Jan. 3, 2013) (the "New York Supreme Court Decision").  Following entry of the New York Supreme Court Decision, various parties to that action (including Movants here) have filed appeals, additional counterclaims and cross-claims, and have engaged in discovery.  As a consequence, the scope and progress of the New York State Supreme Court action has expanded and the New York state courts have become the epicenter for the Genger family litigation.

## ARGUMENT

By their motion, TPR and Sagi Genger (the "Movants") seek to lift the stay of this action that was imposed by the Glenclova Opinion.  Specifically, Movants "seek to implement the terms of this Court's June 14, 2012 Order" in which this Court entered a stay "pending resolution of the question of beneficial ownership of the Arie Shares and the Orly Trust Shares in the state courts."  Glenclova Opinion at 314.  The Trump Group opposes this motion for several

3

reasons. First, Movants argue that any further delay "prejudices TPR by requiring it to continue, indefinitely as a litigant." *See* TPR's and Sagi Genger's Memorandum of Law in Support of Their Motion to Lift Temporary Stay (cited herein as "Op. Br. at __") at 4-5. To put Movants' concerns at ease, now that the Trump Group has undisputed ownership (of record and beneficially) of all of the outstanding shares of Trans-Resources, it is prepared to voluntarily dismiss the claim for specific performance against TPR, thereby eliminating TPR's claimed prejudice from having "to continue, indefinitely as a litigant."

Second, since this Court issued the Glenclova Opinion, the New York State Supreme Court action has expanded in scope. In particular, the New York State Supreme Court issued an opinion on the merits of many of Arie and Orly Genger's claims and other parties (including Movants) have filed answers and additional counterclaims and cross-claims. Further, the parties (including Movants) have engaged in extensive motion practice and document production and the Court has entered an order governing the remaining discovery. Thus, because it appears highly likely that the claims presented here will continue to be litigated in the New York State Supreme Court action, lifting the stay here appears unnecessary and would introduce the risk of duplicative proceedings.

Finally, in their papers, Movants suggest that the Trump Group is "exploit[ing the] temporary stay in this action to appropriate claims properly belonging to TPR." Op. Br. at 5. The Trump Group vigorously denies Movants' contention. In making their argument, Movants refer to the Letter Agreement in which TPR agreed to "assign[] all of its right, title and interest in and to any claims or causes of action that TPR may have or may have had against Arie Genger and/or the Orly Genger 1993 Trust relating to, or arising from, the purported transfer of [Trans-Resources] shares from TPR to such persons" in the event that Glenclova is not awarded specific

4

performance under the Stockholders Agreement in the Glenclova Action.[3]  It is undisputed that this Court has not awarded Glenclova specific performance in this action.  Indeed, as a result of the Trump Group's and TPR's consummation of the Letter Agreement, among other things, that remedy is no longer available.  Accordingly, the Trump Group has not engaged in any type of exploitative strategy; rather, it simply seeks to enforce the plain terms of its contract with TPR.

## CONCLUSION

For the reasons set forth above, the Trump Group respectfully requests that this Court deny TPR's and Sagi Genger's Motion to Lift the Temporary Stay and grant it such further relief as is just and proper.

DATED:   New York, New York
         September 13, 2013

Of Counsel:

Thomas J. Allingham II
Anthony W. Clark
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
(302) 651-3001 (facsimile)

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP

By:    /s/ William P. Frank
William P. Frank
(william.frank@skadden.com)
Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (facsimile)

*Attorneys for Glenclova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump and Mark Hirsch*

---

[3] Moreover, Movants' assertion that the Trump Group cannot rely upon the terms it bargained for in the Stock Purchase Agreement because it has "not actively sought specific performance from this Court in many years" is frivolous. See Op. Br. at 5.  Movants know full well that the Trump Group has vigorously pursued its claim of beneficial ownership of the disputed shares for many years in other forums at the request of Mr. Genger and the direction of this Court.  The Trump Group cannot be faulted for reserving its right to pursue specific performance in the Glenclova Action until such time as its beneficial ownership claims were fully and finally resolved – as they recently have been.