USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov. 12, 2013

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
GLENCLOVA INVESTMENT CO.,           :
                                    :
    Plaintiff,                     :
                                    :
        -against-                  :    No. 08 Civ. 7140 (JFK)
                                    :
TRANS-RESOURCES, INC., and          :    **OPINION & ORDER**
TPR INVESTMENT ASSOCIATES, INC.,    :
                                    :
    Defendants.                     :
------------------------------------X
TPR INVESTMENT ASSOCIATES, INC.,    :
                                    :
    Third-Party Plaintiff,          :
                                    :
        -against-                  :
                                    :
ARIE GENGER,                        :
                                    :
    Intervenor/Defendant,           :
    Third-Party Defendant, and      :
    Counterclaim Defendant.         :
------------------------------------X
ARIE GENGER,                        :
                                    :
    Counterclaim Plaintiff,         :
                                    :
        -against-                  :
                                    :
GLENCLOVA INVESTMENT CO., and       :
TPR INVESTMENT ASSOCIATES, INC.,    :
                                    :
    Counterclaim Defendants,        :
                                    :
        -and-                      :
                                    :
SAGI GENGER, DALIA GENGER, THE      :
SAGI GENGER 1993 TRUST, ROCHELLE    :
FANG, Individually and as Trustee   :
of THE SAGI GENGER 1993 TRUST, TR   :
INVESTORS, LLC, NEW TR EQUITY I,    :
LLC, NEW TR EQUITY II, LLC, JULES   :
TRUMP, EDDIE TRUMP, MARK HIRSCH,    :
and TRANS-RESOURCES, INC.,          :
                                    :
    Additional Counterclaim         :
    Defendants.                     :
------------------------------------X

APPEARANCES

FOR TPR INVESTMENT ASSOCIATES, INC. AND SAGI GENGER
    John Dellaportas
    MORGAN, LEWIS & BOCKIUS LLP

FOR ARIE GENGER
    Paul Montclare
    Lauren Wachtler
    MITCHELL SILBERBERG & KNUPP LLP

FOR GLENCLOVA INVESTMENT CO.; TR INVESTORS, LLC; NEW TR EQUITY I, LLC; NEW TR EQUITY II, LLC; JULES TRUMP; EDDIE TRUMP; AND MARK HIRSCH
    Douglas Herrmann
    John Boyle
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

**JOHN F. KEENAN, United States District Judge:**

TPR Investment Associates, Inc. and its CEO, Sagi Genger (together, "TPR"), move to lift the temporary stay that this Court imposed in its Opinion dated June 24, 2012. See Glenclova Inv. Co. v. Trans-Resources, Inc., 874 F. Supp. 2d 292 (S.D.N.Y. 2012) (hereinafter, the "Omnibus Opinion" or Glenclova). For the reasons that follow, TPR's motion is denied.

## I. Background

### A. The Parties and the Procedural History

The Court presumes familiarity with this dispute. See generally Glenclova, 874 F. Supp. 2d at 295–300; Genger v. TR Investors, LLC, 26 A.3d 180, 183–90 (Del. 2011). For the purposes of resolving the instant motion, it is enough to recall that this action and the related state court cases began as a

bitter quasi-familial battle for control of Trans-Resources, Inc. ("Trans-Resources"), a Delaware corporation that manufactures and sells chemicals for agricultural use. The disputants have included Arie Genger ("Arie") and his adult daughter Orly Genger ("Orly") in one camp; Arie's former wife Dalia Genger ("Dalia"), who is the trustee of a trust benefitting her estranged daughter Orly in a second camp; Glenclova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Eddie Trump, Jules Trump, and Mark Hirsch (collectively, the "Trump Group") in a third; and former Trans-Resources majority owner TPR and its CEO, Sagi, who is Arie and Dalia's adult son.

By last year, the interested parties had created a "headache-inducing jurisdictional conflict" through the filing of numerous actions in various fora. Glenclova, 874 F. Supp. 2d at 300. This Court attempted to impose some semblance of order on the proceedings by, among other things, staying the instant Glenclova action pending the litigation and resolution of certain claims in state courts. This Court also suggested to the parties that they agree to litigate in New York Supreme Court, in part because that court had personal jurisdiction over all the interested parties. See id. at 314. Since then, the parties have litigated in that forum as well as in Delaware.

The New York court recently dismissed Arie and Orly's claims seeking beneficial ownership of the Orly Trust shares. Arie has filed, but not perfected, an interlocutory appeal of that ruling. Other claims between Arie/Orly and TPR/Sagi continue to be litigated in that case.

In a narrower action, the Delaware Chancery Court also denied Arie's claim to beneficial ownership of the Arie Shares, and determined that he is not a record or beneficial stockholder of Trans-Resources. Arie is not appealing the Delaware decision. Thus, while the New York state action remains ongoing, the Delaware case is apparently final.

Finally, on June 20, 2013, all claims and counterclaims between Arie and the Trump Group in the instant action were voluntarily dismissed with prejudice.

## B. The Instant Motion

TPR argues that the question of beneficial ownership of the disputed shares has been "conclusively resolved" by the Delaware and New York state courts, as well as by the recent settlement between Arie and the Trump Group. (TPR Br. at 1, 4.) TPR cites language from the Omnibus Opinion stating that this case "is stayed pending resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts." Glenclova, 874 F. Supp. 2d at 314. TPR thus urges that the time has come to lift the stay, and that it should be

4

allowed to pursue its claims here, in its chosen forum, and should not have to wait until the state court action is over before doing so.

TPR also contends that it is now unduly prejudiced by the stay for two reasons.  First, TPR notes that both the Trump Group and Arie still have claims against it in this case, which it wishes to resolve.  Second, TPR claims that "the Trump Group has been exploiting the temporary stay to obtain an inappropriate litigation advantage" in the ongoing New York state court litigation. (TPR Br. at 5.)  Specifically, in a recent pleading before the state court, the Trump Group asserts that the terms of an August 22, 2008 settlement agreement assign to the Trump Group "the right, title and interest to any claims or causes of action that TPR may have" regarding the 2004 Transfers in the event that this Court did not award specific performance to the Trump Group in the instant case. (Dellaportas Dec. Ex. 5 at 3.)  In the same pleading, the Trump Group further claims that the stay in this case means that "Judge Keenan failed to award specific performance to Glenclova," triggering the assignment described above. (Id.)

Arie opposes the motion to lift the stay, and charges that that TPR is mischaracterizing the Omnibus Opinion.  Arie cites language from the Omnibus Opinion stating that the temporary stay "maintains the availability of relief in federal court for

5

plaintiff Glenclova should its specific performance claim revive, and allows a court with jurisdiction over all relevant parties to decide the beneficial ownership issues at the heart of this case, along with the countless related tort and contract claims." Glenclova, 874 F. Supp. 2d at 314. Arie notes that (1) far from seeking relief here, Glenclova opposes lifting the stay; and (2) those "countless related tort and contract claims" are now before the New York state court, consistent with this Court's ruling.

Arie rejects TPR's assertions of undue prejudice as well. First, Arie contends that TPR is not prejudiced by his delay in perfecting his appeal in the state case, since the appeal would be interlocutory and several other active claims continue to be litigated there. Second, Arie argues that the resolution of claims against TPR can be accomplished in the state action without reopening this case. Finally, Arie submits that any dispute between TPR and the Trump Group regarding how the Trump Group characterizes their settlement agreement in a state court pleading should be resolved there, not here.

The Trump Group also opposes the motion to lift the stay, on the grounds that the New York state court action has "become the epicenter for the Genger family litigation." (Trump Group Br. at 3.) Lifting the stay in this case, according to the Trump Group, "appears unnecessary and would introduce the risk

of duplicative proceedings." (Id. at 4.)  As to TPR's first claim of prejudice, the still-pending claims against them, the Trump Group says it is "prepared to voluntarily dismiss the claim for specific performance against TPR, thereby eliminating TPR's claimed prejudice from having 'to continue, indefinitely[,] as a litigant.'" (Id.)  As to TPR's second claim of prejudice, the Trump Group's purported exploitation of the stay in the state court pleadings, the Trump Group contends that this is not exploitative and that it seeks simply to enforce its agreement with TPR.

At oral argument, Trump Group's counsel reiterated its willingness to dismiss its claims against TPR.  However, counsel for Arie stated that Arie would "[a]bsolutely not" dismiss his own counterclaims against TPR in this action, even though he opposes lifting the stay, on the grounds that his counterclaims are "reciprocal" and "interconnected" to TPR's claims. (Oral Arg. Tr. at 10–11.)

**II.  Discussion**

This Court has broad discretion in deciding whether to lift the stay, which arises out of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see City of New York v. B.L. Jennings, 219 F.R.D. 255, 256 (E.D.N.Y. 2004).  No

7

party to this case has argued otherwise, or that an adverse ruling would constitute an abuse of this Court's discretion. After considering the parties' briefs and remarks at oral argument, the Court concludes that the stay must be maintained while the New York state action continues to be actively litigated.

As a preliminary matter, TPR overstates its case when it insists that this Court "put no condition on the lifting of that stay other than the 'resolution of the question of beneficial ownership of the Arie Shares and Orly Trust Shares in the state courts.'" (Reply at 2 (quoting <u>Glenclova</u>, 874 F. Supp. 2d at 314).) The Omnibus Opinion says more than that. It also states:

> Although the Court cannot relinquish jurisdiction over <u>Glenclova</u>, it has no interest in determining only half of the host of claims raised therein. The Trump Group offers a solution in the form of a temporary stay of federal proceedings in favor of state court proceedings wherever personal jurisdiction over all of the parties can be obtained. . . . This compromise upholds the Court's "unflagging obligation" to exercise diversity jurisdiction, maintains the availability of relief in federal court for plaintiff Glenclova should its specific performance claim revive, and allows a court with jurisdiction over all relevant parties to decide the beneficial ownership issues at the heart of this case, along with the countless related tort and contract claims.

<u>Glenclova</u>, 874 F. Supp. 2d at 313–314. Thus, TPR is wrong to insist that this Court intended to lift the stay immediately following an appealable trial court ruling that concerns

8

beneficial ownership. On the contrary, the Court still has "no interest in determining only half" of the disputes among the litigants, some of whom are not even parties to this action. More important, as is plain from the portion quoted above, the Court contemplated one forum handling both the beneficial ownership claims along with the "related tort and contract claims." That forum is the New York state court, and some of those related claims are the very claims that TPR now seeks to drag back here.

Turning to TPR's assertions of prejudice, the Court finds none of them compelling. As counsel for TPR acknowledged at oral argument, TPR's claims against Arie are already before the state court and do not raise any federal questions. (Oral Arg. Tr. at 6.) That TPR nevertheless prefers this forum over that one is an insufficient basis for the Court to reverse the course set by the ruling in the Omnibus Opinion, which could force everyone concerned back into the morass that existed previously.

As a related matter, the Court notes that TPR's arguments for reopening this action ignore the possibility that appeals in the state action will stymie any progress here. Although Arie may be dragging his feet on his interlocutory appeal in New York, that appeal and others remain likely. The New York rulings implicating beneficial ownership also adversely affect Orly — Arie's daughter, who is not a party to this case — and

9

she may also appeal them. Therefore, it is inaccurate for TPR to suggest that the issue of beneficial ownership is "conclusively resolved." It is almost dead, but not quite.

TPR also argues that it is prejudiced by the continued existence of claims against it by Arie in this action. But as everyone acknowledges, the issues raised in these claims were litigated, or are presently being litigated, in state court. (Oral Arg Tr. at 5, 10-11.) When the stay in the instant case is lifted, then, Arie will likely be barred by the doctrines of collateral estoppel or res judicata from attempting to relitigate here any claims he has already lost in other actions. Thus, Arie's refusal to dismiss his claims here, while perplexing, does not visit any discernible prejudice upon TPR.

Finally, TPR's desire to undermine the Trump Group's interpretation of the stay in its pleadings before the state court is not a valid reason to lift the stay. The merit of those parties' positions before the state court is a matter for that judge to decide. This Court declines to weigh in on how any agreements between the parties should be construed, although it notes the obvious: the temporary stay of this action is not a ruling on the merits of any party's underlying claims, and should not be construed as such.

In sum, allowing TPR to reopen a second front here while the New York state litigation continues could spark a return to the jurisdictional Serbonian bog[1] that this Court's prior rulings sought to avoid. The interests of the parties, affected non-parties, courts, and public do not compel such an outcome. The motion is denied.

### III. Conclusion

For the foregoing reasons, TPR's motion to lift the stay is denied. The stay is continued pending final resolution of the claims before the New York Supreme Court.

**SO ORDERED.**

Dated: New York, New York
November 12, 2013

_____
John F. Keenan
United States District Judge

---

[1] See Joseph M. McLaughlin, In Memoriam: William Hughes Mulligan, 65 Fordham L. Rev. 15, 17 (1996).

11